IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**THOMAS BROWN,**

      **Petitioner,**

v.                                              **Case No. 2:16-cv-09734**

**DAVID BALLARD, Warden,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's letter filed on October 14, 2016, which was construed by the Clerk of Court as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, (ECF No. 1), and Petitioner's letter filed on October 21, 2016, clarifying that he did not intend for his October 14 letter to constitute a petition for habeas relief. (ECF No. 4). Petitioner further requests that the matter be closed "until such time as [he] exhausts all [his] grounds in the State Courts." (*Id.*). This case is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and by Standing Order, is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the presiding District Judge close this action and remove it from the docket of the Court. The undersigned further **RECOMMENDS** that this action not be counted when determining if a subsequent petition, seeking federal habeas relief pertaining to the same conviction, is second or successive.

1

## I.　Relevant Procedural History

On October 11, 2016, Petitioner sent a letter to the Honorable Joseph R. Goodwin, United States District Judge, complaining about collateral proceedings pending in the Circuit Court of Kanawha County, West Virginia. (ECF No. 1). The Clerk of Court interpreted the correspondence as a Petition for a Writ of Habeas Corpus. On October 17, 2016, the Clerk sent Petitioner the proper forms to initiate a federal habeas action, including a form Petition for Relief under 28 U.S.C. § 2254 from a Conviction or Sentence by a Person in State Custody and an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 2). Upon receiving these forms, Petitioner promptly wrote to the Clerk, explaining that he did not wish to file a federal petition for habeas relief at this time, because he had not yet exhausted his state court remedies. (ECF No. 4). This letter was construed by the Clerk as a request from Petitioner to close his case and was referred to the undersigned.

## II.　Discussion and Recommendations

Given that Petitioner does not wish to pursue a federal habeas action at this time due to lack of exhaustion, the undersigned **FINDS** that this matter should be closed and removed from the docket of the Court. Petitioner is correct that, generally, a federal habeas petition is not properly filed until state court remedies have been fully exhausted. 28 U.S.C. § 2254(b)(1)(A); *see, also, See Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "[A] petitioner may be excused from the exhaustion requirement if 'there is an absence of available [s]tate corrective process[ ] or circumstances exist that render such process ineffective to protect the rights of the [petitioner].'" *See Plymail v. Mirandy*, No. 16-6547, 2016 WL 6892492, at *1 (4th Cir.


Nov. 23, 2016). However, Petitioner has not made such a claim, nor requested that this Court excuse the exhaustion requirement.

The undersigned further **FINDS** that a dismissal of this action should not be interpreted as a decision on the merits as to any issue raised by Petitioner in his letters. Therefore, the dismissal should not be counted when determining whether a later-filed petition is second or successive. *See Henderson v. Bazzle*, No. CIV.A. 9:08-0978-MBS, 2008 WL 1908535, at *3 (D.S.C. Apr. 29, 2008) (Explaining that "[t]he standard for determining whether a petition is successive appears in *Slack v. McDaniel,* 529 U.S. 473, 485-489, 120 S.Ct. 1595, 146 L.Ed.2d 542 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits)").

For the foregoing reason, the undersigned respectfully **RECOMMENDS** that the presiding District Judge adopt the findings set forth herein, close this matter, and remove it from the docket of the Court. The undersigned also **RECOMMENDS** that the order of dismissal clarify that this action should not be counted when determining if a subsequent petition, seeking federal habeas relief pertaining to the same conviction, is second or successive.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if mailed) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of

such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Copenhaver and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** January 19, 2017

Cheryl A. Eifert
United States Magistrate Judge